UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CHRISTOPHER WILLIAMS,

1:25-cv-3983

Plaintiff,

v.                                                  COMPLAINT

LAFAYETTE AVENUE PROPERTIES LLC
and GOLDEN BOYS BAGEL INC.,                          <u>JURY TRIAL REQUESTED</u>

Defendants.
-------------------------------------------------------------x

## <u>COMPLAINT</u>

Plaintiff Christopher Williams ("Plaintiff"), by counsel, Hanski Partners LLC, as and for the Complaint in this action against Defendants Lafayette Avenue Properties LLC and Golden Boys Bagel Inc. (together referred to as "Defendants"), hereby alleges upon information and belief as follows:

### <u>NATURE OF THE CLAIMS</u>

1. This lawsuit opposes Defendants' ongoing and inexcusable disability discrimination against Plaintiff as an individual with a disability.

2. Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against him in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, §

40 *et. seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code")*.*

3.    As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation through which they violate the above-mentioned laws: the restaurant/bagel cafe located at 73 Lafayette Avenue in Brooklyn, New York known as La Bagel Delight.

4.    Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

5.    Defendants have chosen to ignore the explicit legal requirements that require them to make La Bagel Delight readily accessible to and usable by Plaintiff as a person with a disability that uses a wheelchair.

6.    As a result, La Bagel Delight is not wheelchair accessible due to architectural features which function as physical barriers to individuals that use wheelchairs for mobility ("architectural access barriers").

7.    In so doing, Defendants made a calculated, but unlawful, decision that, based on disability, Plaintiff does not deserve the opportunity to have full and equal enjoyment of La Bagel Delight's goods, services, facilities, privileges, advantages, and accommodations ("equivalent access").

8.    The architectural access barriers Defendants created and maintain at  La Bagel Delight denied, and continue to deny, Plaintiff, based on disability, equivalent access to La Bagel Delight

9.    By this action, Plaintiff seeks to have Defendants remediate La Bagel Delight so that it is accessible to him as wheelchair user and thereby afford him the opportunity to have equivalent access to La Bagel Delight.

## JURISDICTION AND VENUE

10.  This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

11.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

12.  At all times relevant to this action, Plaintiff Christopher Williams has been and remains currently a resident of the State and City of New York.

13.  At all times relevant to this action, Plaintiff Christopher Williams has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

14.  Defendant Lafayette Avenue Properties LLC ("Landlord") owns the real property and building located at 73 Lafayette Avenue in Kings County, New York ("73 Lafayette Avenue")

15.  73 Lafayette Avenue is situated in the neighborhood known as Fort Greene.

16.  Defendant Landlord leases physical space on the ground floor of 73 Lafayette Avenue to Defendant Golden Boys Bagel Inc. ("Tenant") for use and occupancy as an eating establishment.

3

17. Defendant Tenant owns and operates La Bagel Delight a highly rated restaurant/bagel café located at 73 Lafayette Avenue.

18. Defendant Tenant leases the physical space at 73 Lafayette Avenue's ground floor in which it operates La Bagel Delight from Defendant Landord.

19. Defendant Tenant and Defendant Tenant have a written agreement for the lease of the ground floor space at 73 Lafayette Avenue in which La Bagel Delight is located.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

20. Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the La Bagel Delight premises located at 73 Lafayette Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

21. The La Bagel Delight is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102) as it is a facility operated by a private entity and its operations affect commerce.

22. Numerous architectural access barriers exist at La Bagel Delight that prevent and restrict physical access to Plaintiff, a person with a disability.

23. The architectural access barriers include, but are not limited to, barriers at the path of travel at the public entrance to La Bagel Delight adjoining the public sidewalk.

24. At various times since January 26, 1992, alterations were made to 73 Lafayette Avenue, and to portions of the public sidewalk adjoining 73 Lafayette Avenue that Defendants operate and control.

4

25.  At various times since January 26, 1992, alterations were made to La Bagel Delight, and to areas of 73 Lafayette Avenue used by, for, and related to La Bagel Delight.

**Plaintiff's Connection to La Bagel Delight's Fort Greene Neighborhood**

26.  La Bagel Delight is located in Brooklyn's Fort Greene neighborhood.

27.  Plaintiff lives 5 to 10 minutes wheelchair rolling distance from La Bagel Delight, and the area of Brooklyn's Fort Greene neighborhood in which La Bagel Delight is located.

28.  Plaintiff goes to the Fort Greene area in which La Bagel Delight is located one or more times a month.

29.  Plaintiff goes to the Fort Greene neighborhood to patronize the restaurants, bars, and other spaces that are accessible to him.

30.  Plaintiff goes to La Bagel Delight's Fort Greene area with such regularity for a few reasons: Firstly, the area is conveniently located between 5 minutes and 10 minutes wheelchair rolling distance from Plaintiff's home. Secondly, the area of Fort Greene in which La Bagel Delight is located contains an interesting mix of restaurants, bars, coffee shops, book stores, and various retail shops, which Plaintiff finds desirable and attractive. Thirdly, the area's interesting mix of restaurants, bars, and retail attracts a sizeable amount of people, making the area additionally enjoyable as an area to people watch while having food or a drink.

**Plaintiff's Experience at La Bagel Delight**

31.  During January 2025 Plaintiff patronized La Bagel Delight.

32.  Although Plaintiff enjoyed the food at La Bagel Delight, he did not enjoy the inaccessibility he experienced due to the architectural access barriers he encountered at La Bagel Delight.

33.  For example, upon his arrival Plaintiff struggled to enter La Bagel Delight due to architectural access barriers at the public entrance including an improperly sloped concrete ramp and absence of level and clear maneuvering clearances at the door, as shown in the following photo:



34.  The architectural access barriers at the public entrance caused Plaintiff to tip backwards in his wheelchair to a dangerous degree - putting Plaintiff at risk of serious injury.

35.  Once inside La Bagel Delight, Plaintiff's ability to travel between the public entrance to the sales and service counter to place his order and collect his food and between the sales and service counter to the dining area was restricted by architectural access barriers that reduced the clear width of the interior route to less than the minimum width required to accommodate persons in wheelchairs.

36.  The architectural access barriers Plaintiff encountered at La Bagel Delight's public entrance and in its interior customer spaces denied him equivalent access to La Bagel Delight.

**Plaintiff's Continuing Desire to Patronize La Bagel Delight**

37.  As Plaintiff enjoyed La Bagel Delight's food, he would like the opportunity to have equivalent access to La Bagel Delight so he could go there again.

38.  However, the architectural access barriers Plaintiff encountered at La Bagel Delight deterred, and continue to deter, Plaintiff from going to La Bagel Delight.

39.  But for the architectural access barriers at La Bagel Delight, Plaintiff would have patronized La Bagel Delight after having gone there in January 2025; including during the months of May and June in the 2025 calendar year.

40.  If the architectural access barriers at La Bagel Delight are removed so that it is made accessible to Plaintiff as a wheelchair user, he would patronize La Bagel Delight again.

**Defendants Discriminate by Maintaining Architectural Access Barriers at La Bagel Delight**

41.  The services, features, elements and spaces of the La Bagel Delight premises are not readily accessible to, or usable by Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D  (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

42.  Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy equivalent access to the areas of La Bagel Delight that are open and available to the public.

43.  La Bagel Delight has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std"), the 2014 New York City Building Code ("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("14/22 Ref Std") and the 2022 New York City Building Code (the "2022 BC") including the 14/22 Ref Std.

44.  Architectural access barriers, those Plaintiff encountered when he patronized La Bagel Delight, and those Plaintiff did not encounter but which he has been made aware of since he patronized La Bagel Delight include, but are not limited to, the following:

8

I.  An accessible route is not provided from the public street and sidewalk to La Bagel Delight 's public entrance.

*Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

II. There is no accessible public entrance to La Bagel Delight.

*Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 ADA § 4.1.3(8)(a)(i).*

*Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 ADA § 206.4.1.*

*Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*

*Defendants fail to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

III.    The ramp at La Bagel Delight's public entrance has a running slope that exceeds 8.33%.

*Defendants fail to provide that ramp runs shall have a running slope not steeper than 1:12 at accessible ramps.   See 1991 ADA § 4.8.2; 2010 ADA § 405.2; 1968 Ref Std § 4.8.2; 2008 Ref Std § 405.2; and 14/22 Ref Std § 405.2.*

IV.    The ramp at La Bagel Delight's public entrance lacks a top landing of at least 60 inches in length.

*Defendants fail to provide a landing clear length of at least 60 inches (1525 mm) long minimum.  See 1991 ADA § 4.8.4; 2010 ADA § 405.7.3; 1968 Ref Std § 4.8.4; 2008 Ref. Std § 405.7.3; and 2014 Ref. Std § 405.7.3.*

V. The ramp at La Bagel Delight's public entrance lacks a top landing having a clear width as wide as the run of the ramp.

*The landing clear width shall be at least as wide as the widest ramp run leading to the landing.  See 1991 ADA § 4.8.4; 2010 ADA § 405.7.2; 1968 Ref Std § 4.8.4; 2008 Ref. Std § 405.7.2; and 2014 Ref. Std § 405.7.2.*

VI.    There is no level and clear maneuvering area at the pull side of La Bagel Delight's public entrance doors due to the improperly sloped ramp which abuts the doorway.

*Defendants fail to provide an accessible door with level maneuvering clearances.  See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref. Std § 404.2.3; and 14/22 Ref Std § 404.2.3.*

VII.    There is no level and clear maneuvering area for pulling open the public entrance doors perpendicular to the doorway.

*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to the door for 18 inches parallel to the door beyond the latch is required for a forward approach to the pull side of a door, or 54*

*inches perpendicular to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 14/22 Ref Std § 404.2.3.*

VIII.  There is no level and clear maneuvering area for pulling open the public entrance doors parallel to the doorway.
*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to the door for 36 inches parallel to the door beyond the latch, or alternatively, 54 inches perpendicular to the door for 42 inches parallel to the door beyond the latch, is required for a hinge side approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 14/22 Ref Std § 404.2.3*

IX.  No signage identifies an accessible entrance to the La Bagel Delight premises (to the extent Defendants claim they provide an accessible public entrance).
*Defendants fail to display signage (marked with the International Symbol of Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA §§ 4.1.2(7)(c); 4.1.3(8)(d); and 4.1.6(1)(h); 2010 ADA § 216.6; 1968 BC § 27- 292.18; 2008 BC § 1110; and 2014 BC §§ 1101.3.4; and 1110.*

X. There is no directional signage at the inaccessible entrances to the La Bagel Delight premises that indicates the location of an accessible entrance (to the extent Defendants claim they provide an accessible entrance).
*Defendants do not provide and display signage at the inaccessible public entrance (marked with the International Symbol of Accessibility or otherwise) that indicates the location of an accessible entrance. See 1991 ADA §§ 4.1.6(1)(h) and 4.1.3(8)(d); and 2010 ADA Standards § 216.6.*
*Defendants fail to provide directional signage at necessary locations. See 1968 BC § 27-292.18(b).*
*Defendants fail to provide directional signage by the inaccessible entrance indicating the route to the nearest accessible entrance. See 2008 BC § 1110.2; and 2014 BC §§ 1101.3.3; and 1110.2.*

XI.  There is no accessible route to La Bagel Delight's sales and service counters due to stanchions and fixtures that obstruct or narrow the width of the route between the door and the counter area.
*Defendant fails to provide that there is one accessible route connecting all the public accommodations within the site.  See 1991 ADA §§ 4.1.2(2); 4.1.3(1); and 4.3.2; 2010 ADA §§ 206.2.2 and 206.2.4; 1968 BC § 27-292.5; 1968 Ref Std § 4.3.2; 2008 BC § 1104.2; and the 2014 BC § 1104.2.*

XII.  There are no accessible dining surfaces (at tables) at La Bagel Delight's dining area.

10

*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*

XIII.  There are no accessible dining surfaces (at tables) at La Bagel Delight's dining area. All tables have chairs, and pedestals that obstruct knee and toe clearances required for a forward approach to the seating.
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*
*Defendants fail to provide (due to chairs, table pedestals or table legs) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § § 902.2; and 14/22 Ref Std § 902.2.*

XIV.  Accessible dining surfaces are not identified by the International Symbol of Accessibility (to the extent Defendants claim they provide accessible table(s)).
*Defendants fail to provide that accessible seating shall be identified by the International Symbol of Accessibility. See 2008 BC § 1110.1(9) and 2014 BC § 1110.1(11).*

XV.  The exit, which is the public entrance, is not accessible.
*Defendants fail to provide accessible means of egress in the number required by the code.  See 1991 ADA § 4.1.3(9); 2010 ADA § 207.1; 1968 BC §§ 27-292.1 and 27-357(d); 2008 BC § 1007.1; and 2014 BC § 1007.1.*

45.  Plaintiff is deterred from patronizing La Bagel Delight due to the above-noted architectural access barriers.

46.  An inspection of La Bagel Delight by an architectural accessibility expert will reveal the existence of additional architectural access barriers.

47.  Plaintiff therefore requires an inspection of La Bagel Delight by his architectural accessibility expert to catalogue the extant architectural access barriers, and have Defendants remediate them as part of this action, thereby avoiding piecemeal litigation.

48.  Plaintiff hereby gives notice that he intends to amend this Complaint to include any architectural access barriers discovered during an inspection by his architectural accessibility expert to the extent they are not contained in this Complaint.

11

49. Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

50. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for Plaintiff, as a person with a disability, are compliant with the ADA, the NYSHRL, and the NYCHRL as they created, maintain, and have failed to remove architectural access barriers at La Bagel Delight.

51. Defendants have not made or provided necessary accommodations or modifications to provide Plaintiff, as a person with a disability, equivalent access.

52. As noted, Plaintiff liked the food he had at La Bagel Delight and desires to enjoy its food again.

53. However, Defendants deny Plaintiff equivalent access to La Bagel Delight due to the architectural access barriers they maintain at La Bagel Delight.

54. Because of the architectural access barriers Defendants maintain at La Bagel Delight, Plaintiff has been, and remains, deterred, from going to La Bagel Delight.

55. Plaintiff has a realistic, credible, and continuing threat of discrimination from Defendants' non-compliance with the ADA, the NYSHRL, and the NYCHRL.

56. Although Plaintiff desires to dine at La Bagel Delight he is denied the opportunity to do so based on disability because Defendants maintain architectural access barriers that deny him equivalent access to La Bagel Delight; an act which is discrimination in violation of the ADA, the NYSHRL and the NYCHRL.

57. Plaintiff continues to suffer an injury as Defendants deny him equivalent access to La Bagel Delight through their ongoing maintenance of architectural access barriers at La Bagel Delight.

**FIRST CAUSE OF ACTION**

**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

58.  Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

59.  Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

60.  The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

61.  Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

62.  Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

63.  By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

64.  Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

13

65. La Bagel Delight is not readily accessible to and usable by Plaintiff, as a disabled wheelchair user, and does not provide an integrated and equal setting for Plaintiff, as a disabled wheelchair user, in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

66. In and around 2005 and 2006 Construction work and physical changes were made to La Bagel Delight, and to areas of 73 Lafayette Avenue related to La Bagel Delight's use and occupancy of its physical space at 73 Lafayette Avenue that changed or could have changed the way the space is used.

67. The work performed in and around 2005 and 2006 are alterations as defined by the ADA. 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

68. The alterations included the interior renovation of La Bagel Delight's first floor, work to La Bagel Delight's storefront, which includes the public entrance, and to La Bagel Delight's plumbing and HVAC and fire prevention systems.

69. Defendants, and or their predecessors in interest, failed to make alterations they performed readily accessible to and usable by Plaintiff, as a disabled wheelchair user, to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

70. The paths of travel to the altered primary function areas were not made readily accessible to and usable by Plaintiff, as a disabled wheelchair user, in violation of 28 C.F.R. § 36.403.

71. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to wheelchair access in violation of 28 C.F.R. § 36.304.

72. There is sufficient space on the public sidewalk adjoining 73 Lafayette Avenue i) to construct a ramp at the exterior of La Bagel Delight's public entrance which

14

complies with the 2010 Standards and the accessibility provisions of the New York City Building Code; and ii) to provide the minimum maneuvering clearances at the public entrance doorway in compliance with the 2010 Standards and the accessibility provisions of the New York City Building Code.

73.  Constructing a compliant ramp and providing the required minimum maneuvering clearances would eliminate the architectural access barriers at La Bagel Delight's public entrance.

74.  Neither of the Defendants have applied to the City of New York for permission to construct a ramp, or to provide the minimum required maneuvering clearances at doors, compliant with the 2010 Standards and the accessibility provisions of the New York City Building Code, or to remediate any of the other architectural access barriers at the public entrance or inside La Bagel Delight.

75.  It was and remains be readily achievable for Defendants to remediate La Bagel Delight so it is readily accessible to and usable by Plaintiff, as a disabled wheelchair user.

76.  By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

77.  In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

78.   Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

79.   Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

80.   Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

81.   Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

82.   In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

83.   By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

84.  Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

85.  Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendants have aided and abetted others in committing disability discrimination.

86.  Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

87.  In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

88.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

89.  It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation readily accessible to and usable by Plaintiff, as a disabled wheelchair user.

90.  As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

91.  Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

92.   Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

93.   Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

94.   The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, confirmed the New York City Council's legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (*emphasis added*).

95.   The Restoration Act confirmed that the NYCHRL must be construed broadly in favor of Plaintiff to the fullest extent possible. *Id*. *See also* New York City Local Law 35 of 2016.

96.   Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative

Code § 8-107(4)). Each of the Defendants have aided and abetted others in committing disability discrimination.

97. Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

98. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

99. Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

100. Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

101. Defendants' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity (*i.e.*, equivalent access) to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of NYCHRL (Administrative Code §§ 8-107(4) and 8-107(15)).

102. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in their respective attempts to, and in their acts of directly and indirectly refusing, withholding, and denying

the accommodations, advantages, facilities, and privileges of their commercial facility/space and La Bagel Delight, the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

103. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to install, construct, reconstruct, repave, repair, and maintain its abutting public sidewalk. As a result, Defendant Landlord continuously controlled, managed, and operated the public sidewalk abutting 73 Lafayette Avenue, which includes the portion of the sidewalk constituting the entrance to La Bagel Delight, Defendants' place of public accommodation.

104. Defendant Landlord's failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

105. Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

106. Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

107. Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

108. Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

109. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

110. Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

111. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

112. Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

113. By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a discriminatory space and pocketing the money that they should have lawfully expended to ensure that La Bagel Delight is readily accessible to and usable by Plaintiff as a disabled wheelchair user. Defendants' unlawful profits plus interest must be disgorged.

114. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

115. Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

116. Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

117. Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

118. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

119. Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

120. Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff, as a disabled wheelchair user, in accordance with the above-mentioned laws.

121. Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

Issue a permanent injunction ordering **Defendants to close and cease all on-site dining and takeout services** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

B.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

C.  Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

D.  Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

E.  Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

F.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL;

G.  Find that Plaintiff is a prevailing party and award reasonable attorney's

fees, costs, and expenses pursuant to the ADA; and

H.  For such other and further relief, at law or in equity, to which Plaintiff

may be justly entitled.

Dated: July 17, 2025
New York, New York

Respectfully submitted,

**HANSKI PARTNERS LLC**

By:/s/   Adam S. Hanski

Adam S. Hanski, Esq.
Attorneys for Plaintiff
4 International Dr, Ste 110
Rye Brook, New York 10573
Telephone: (212) 248-7400
Email: ash@disabilityrightsny.com

24